UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ERICA DENISE F.,

                         Plaintiff,         DECISION AND ORDER
                                        1:24-CV-07209-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In September of 2021, Plaintiff Erica Denise F.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications.  Plaintiff, represented by Ny Disability, LLC, Daniel Beger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on December 10, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 13). For the following reasons, Plaintiff's motion is due to be granted, and this case is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on September 14, 2021, alleging disability beginning December 22, 2020. (T at 27, 212-18).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on July 12, 2022, before ALJ Brian Kanner. (T at 43-67). Plaintiff appeared *pro se* and testified. (T at 50-66).

### B.    ALJ's Decision

On December 13, 2023, the ALJ issued a decision denying the applications for benefits. (T at 24-42).  The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026 (the date last insured) and had not engaged in substantial gainful activity since December 22, 2020 (the alleged onset date). (T at 30).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 7.

The ALJ concluded that Plaintiff's asthma was a severe impairment as defined under the Act. (T at 30).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 30).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she must avoid exposure to noxious gases, dust, fumes, and other pulmonary irritants; is limited to occasionally climbing ladders and/or stairs; and should not be exposed to extreme temperature or to humid or wet working environments. (T at 31).

The ALJ concluded that Plaintiff could perform her past relevant work as a receptionist, secretary, or account clerk. (T at 35).

In addition, and in the alternative, considering Plaintiff's age (37 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 35-36).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits

for the period between December 22, 2020 (the alleged onset date) and December 13, 2023 (the date of the ALJ's decision). (T at 37).

On August 1, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on September 24, 2024. (Docket No. 1).  On May 6, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 13, 14).  The Commissioner interposed a brief in opposition to the motion and requesting judgment on the pleadings, on July 3, 2025. (Docket No. 16).  On July 28, 2025, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 18).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B.      Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

6

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises several arguments in support of her request for remand.  Fundamentally, Plaintiff challenges the ALJ's development of the record and consideration of the medical opinion evidence.

For the reasons that follow, the Court finds that the ALJ's decision cannot be sustained and a remand is required.

It is well-settled that before determining a claimant's RFC based on exertional levels (sedentary, light, medium, heavy, or very heavy), the ALJ "must first identify the individual's functional limitations or restrictions and

assess his or her work-related abilities on a *function-by-function basis*."
*Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (emphasis added)
(internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1545,
416.945.

The work-related functions include physical abilities (standing, sitting,
walking, lifting, carrying, pushing, pulling), mental abilities (understanding,
remembering, carrying out instructions, and responding to supervision),
and other abilities that may be impacted by impairments (seeing, hearing,
ability to tolerate environmental factors). *See* SSR 96-8P; *see also* 20
C.F.R. § 404.1545(b)-(d); id. § 416.945; *Cichocki*, 729 F.3d at 176.

Although the Second Circuit has not adopted a *per se* rule requiring
remand in cases where ALJ did not provide an "explicit" function-by-
function analysis—*see Cichocki*, 729 F.3d at 176; *compare Burrows v.
Barnhart*, No. 3:03CV342, 2007 WL 708627, at *13 (D. Conn. Feb. 20,
2007)("[a]lthough a function-by-function analysis is desirable, SSR 96-8p
does not require ALJs to produce [ ] a detailed statement in writing"), *with*
*McMullen v. Astrue*, No. 5:05-cv-1484, 2008 WL 3884359, at *6 (N.D.N.Y.
Aug. 18, 2008) (remanding because "the ALJ erred in determining that
Plaintiff could do light work before fully assessing his work-related abilities
on a function-by-function basis")—remand is warranted "where an ALJ fails

8

to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki*, 729 F.3d at 177.

In the present case, the ALJ recognized Plaintiff's asthma as a severe impairment (T at 30) and found that it imposed environmental limitations and restricted her ability to meet the exertional demands of basic work activity but concluded that Plaintiff retained the ability to perform a reduced range of sedentary work. (T at 31).

The problem with the ALJ's decision is he did not perform a function-by-function assessment of Plaintiff's ability to meet the exertional demands of sedentary work.

As discussed below, a remand is required because the ALJ's analysis is inadequate and based on an inadequately developed record.

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326

9

F.Supp.2d 345, 353 (E.D.N.Y. 2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

Moreover, "[w]hen a claimant properly waives his right to counsel and proceeds pro se, the ALJ's duties are 'heightened.'" *Moron v. Astrue*, 569 F.3d 108, 113 (2d Cir.2009) (citing *Cruz v. Sullivan*, 912 F .2d 8, 11 (2d Cir.1990)).[3]

When the claimant is *pro se*, as here, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cruz*, 912 F.3d at 11 (internal quotation marks omitted).

The Court, in turn, must undertake a "searching investigation of the record" to ensure that the claimant received "a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir.1980) (internal quotation marks omitted).

"The reason for this added duty is obvious: claimants unassisted by skilled counsel are unlikely to call to the ALJ's attention all of the information which the ALJ should consider in evaluating the claim." *Molina*

---

[3] Plaintiff appeared before the ALJ *pro* se and retained counsel only after the ALJ rendered his decision denying benefits. (T at 16, 43).

*v. Colvin*, No. 15-CV-8088 (JLC), 2016 WL 7388374, at *4 (S.D.N.Y. Dec. 20, 2016)(quotation omitted).

In the present case, Dr. Sunit Jariwala, Plaintiff's treating allergist, wrote a letter in November of 2021 explaining that Plaintiff had been "medically excused from work due to … asthma symptoms" since December of 2020 and could return to work "when her asthma has been controlled." (T at 444).

In October of 2023, Dr. Jariwala wrote another letter, in which he reported treating Plaintiff monthly for severe, persistent asthma, and in which he stated that it was "unclear" whether Plaintiff could return to work "at the current time or in the near future." (T at 652).

The ALJ assigned no persuasive weight to Dr. Jariwala's letters, noting that Dr. Jariwala did not identify any specific work-related functional limitation and finding that the treating physician's statements regarding Plaintiff's inability to work not binding as the determination of disability is an issue for the Commissioner to determine. (T at 34).

It is well-settled, however, that "an ALJ must attempt to obtain medical opinions—not just medical records—from a claimant's treating physicians." *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022)(citing *Prieto v. Comm'r of*

*Soc. Sec.*, No. 20-CV-3941 (RWL), 2021 WL 3475625, at *10–11 (S.D.N.Y. Aug. 6, 2021) (collecting cases)).

"Medical opinions from treating physicians are critical because, beyond simply diagnosing the patient's impairment, they relate the impairment to the patient's functional capacity." *Skartados*, 2022 WL 409701, at *4 (citing *Guillen v. Berryhill*, 697 F. App'x 107, 109 (2d Cir. 2017) ("The medical records discuss her illnesses and suggest treatment for them, but offer no insight into how her impairments affect or do not affect her ability to work, or her ability to undertake her activities of everyday life.")).

"It is not sufficient for the ALJ simply to secure raw data from the treating physician. What is valuable about the perspective of the treating physician—what distinguishes him from the examining physician and from the ALJ—is his opportunity to develop an informed *opinion* as to the … status of a patient." *Robins v. Astrue*, No. CV-10-3281 FB, 2011 WL 2446371, at *4 (E.D.N.Y. June 15, 2011)(quoting *Peed v. Sullivan*, 778 F. Supp. 1241, 1246 (E.D.N.Y.1991)(emphasis original).

Here, there is no question that Plaintiff's ability to meet the exertional demands of basic work activity is significantly limited.  The ALJ found her restricted to a reduced range of sedentary work. (T at 31).

12

Thus, the question is not *whether* Plaintiff's asthma imposed significant work-related limitations, the question is whether the *extent* of those limitations prevent her from meeting the demands of basic work activity on a sustained basis.

Under these circumstances, although Dr. Jariwala's statements that Plaintiff cannot work are not, standing alone, entitled to any persuasive power, the ALJ erred by answering the latter question without a functional assessment from Plaintiff's long-term treating allergist.

The ALJ's error is compounded by the fact that he did not find any of the functional assessments from other medical providers fully persuasive.

Dr. Manuel Paz performed a consultative examination in October of 2021.  He noted Plaintiff's diagnosis of asthma, characterized her prognosis as "fair," and opined that she should avoid respiratory irritants. (T at 389).

The ALJ found Dr. Paz's assessment of environmental limitations persuasive but noted (correctly) that Dr. Paz failed to account for the exertional limitations caused by Plaintiff's asthma. (T at 33-34).  Having recognized this gap in the record, the ALJ was obliged to fill it.

In addition, although three physicians provided opinions regarding Plaintiff's functional limitations, none of these physicians examined Plaintiff.

13

Further, the ALJ found two of the non-examining assessments not fully persuasive and did not address the third.

In October of 2021, Dr. A. Vinluan, a State Agency review physician, opined that Plaintiff could meet the demands of light work, but needed to avoid even moderate exposure to environmental irritants. (T at 73-75). Incongrusly, Dr. Vinluan also opined that Plaintiff's subjective statements regarding the disabling nature of her asthma were substantiated by objective evidence. (T at 73).

In January of 2022, Dr. A. Saeed, another State Agency review physician, affirmed Dr. Vinluan's functional assessment, but found that Plaintiff's subjective statements were not consistent with the objective evidence. (T at 99-103).

In December of 2022, Dr. Allan Goldstein completed a questionnaire provided by the ALJ.  He opined that Plaintiff could occasionally lift/carry up to 50 pounds; sit for 8 hours in an 8-hour workday; stand for 6 hours in an 8-hour workday; walk for 2 hours in an 8-hour workday; frequently climb stairs and ramps; occasionally climb ladders or scaffolds; and have occasional exposure to respiratory irritants and extremes of temperature. (T at 639, 641, 643-44).

14

The ALJ found the opinions of Dr. Saeed and Dr. Goldstein partially persuasive, concluding that they did not fully account for Plaintiff's exertional limitations, and did not address Dr. Vinluan's opinion at all. (T at 34-35).

In making this determination and reaching the conclusion that Plaintiff could meet the demands of a range of sedentary work, the ALJ necessarily relied only on his lay reading of the record, as there was no functional assessment from either a treating or examining physician.

In sum, the ALJ (a) did not perform a function-by-function analysis of Plaintiff's RFC; (b) did not obtain an assessment of Plaintiff's ability to meet the exertional demands of basic work activity from a treating or examining physician; and (c) did not accord full persuasive power to any of the non-examining medical opinions.

A remand, therefore, is required. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified.").

### B.    Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).

Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court finds a remand for further development of the record necessary for the reasons discussed above.[4]

---

[4] This Court need not reach Plaintiff's additional arguments regarding the ALJ's consideration of the impact of obesity and failure to afford Plaintiff an opportunity to cross-examine the vocational expert, because the ALJ's "failure to develop the record is a threshold issue that impacts other aspects of the disability claim …." *Miraglia v. Comm'r of Soc. Sec.*, No. 20-CV-1964(EK), 2022 WL 1556409, at *4 (E.D.N.Y. May 17, 2022); *see also Morales v. Colvin*, No. 13-CV-6844, 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015)(declining to address claimant's additional arguments because "the ALJ's analysis may change on these points upon remand").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is GRANTED, and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.


Dated: December 22, 2025          *s / Gary R. Jones*
                                  GARY R. JONES
                                  United States Magistrate Judge

17